STATE OF CONNECTICUT *v.* ALBERT PASCUCCI

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued June 1—decided June 25, 1971

*Howard T. Owens, Jr.,* special public defender, for the appellant (defendant).

*Arlen D. Nickowitz,* assistant state's attorney, for the appellee (state).

HOUSE, C. J. This appeal presents a very narrow issue. The defendant's sole assignment of error is that the court erred in denying his motion for the appointment of counsel to represent him on an appeal to this court and for an extension of time to file the appeal.

There is no dispute on the facts. On a jury trial, the defendant was found guilty of breaking and entering a dwelling house in the day season and, on a supplemental information, also tried to a jury, found guilty of being a second offender. He is an indigent person and was represented by the public defender. Judgment was rendered July 10, 1969. On October 31, 1969, that public defender filed a motion for the appointment of a special public defender to represent the defendant, informing the court that "[u]pon a review of the transcript and record, the Public Defender feels that an appeal would be frivolous." The motion was granted by a judge other than the judge who had presided at the trial and a special public defender was appointed to represent the defendant. On March 19, 1970, that special public defender filed a report with the court. The report stated in detail what action the special public defender had taken. This included a review of the court record and transcript of the trial, consultation with trial counsel, research on questions of law and an interview with the defendant. It contained an analysis of the trial proceedings, the evidence, the rulings of the court and the basis for the defendant's own claims of error in the course of the trial. The report ended with the statement that the special public defender "concludes that there is no substantial error which he can in good faith assign on appeal." Judicial action on the report is indicated by the notation "3-24-70 Report Accepted, O'Sullivan, J., B. J. Luckart, Asst. Clerk."

On April 10, 1970, the defendant by the same special public defender filed an appeal to this court, appealing "from the judgment rendered therein denying his Motion For Appointment of Counsel and Extension of Time To File An Appeal." This

was also filed with the appeal as the sole assignment of error. On the appeal to this court, the defendant has been represented by a third public defender, specially appointed to represent him on his claim that the court erred in refusing to appoint counsel to prosecute the appeal from his conviction notwithstanding the reports of the public defender and first special public defender that such an appeal would be frivolous and there existed no substantial error which could, in good faith, be assigned on an appeal from the conviction. The present appeal, accordingly, is not from the conviction of the defendant but to test whether the state has satisfied its burden and responsibility to provide counsel to the indigent defendant to pursue an appeal.

In appointing the first special public defender to represent the defendant, the court properly followed the course which this court prescribed in *Fredericks* v. *Reincke,* 152 Conn. 501, 208 A.2d 756. That case was decided in 1965 following the dictates of the United States Supreme Court in *Douglas* v. *California,* 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811. We said, in the *Fredericks* case (p. 505): "[W]hen the . . . public defender who conducted the plaintiff's defense at his trial came to the conclusion that he could not conscientiously proceed with the appeal which he had taken to preserve the plaintiff's rights, . . . and had notified both the plaintiff and the court of his decision, the plaintiff was entitled to have competent counsel appointed to represent him on the appeal," and, further, "[i]f . . . new counsel, after interviewing the plaintiff and his witnesses, consulting with trial counsel, examining the trial record and conducting such investigation as he deems necessary to ascertain the merits of the appeal, comes to the conclusion that there is no sub-

stantial error which he can assign on appeal and so advises the plaintiff and the trial court, the constitutional requirement is satisfied and the plaintiff could not demand that the trial court find and appoint other counsel who will advise an appeal."

Subsequently, the United States Supreme Court in *Anders* v. *California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493, outlined the procedure which it held was constitutionally required in such circumstances to assure to indigent defendants substantial equality and fair process on appeal. These requirements are substantially the same as those prescribed in the *Fredericks* case. In the *Anders* case, the court said (pp. 744, 745): "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae.* . . . Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned . . . . This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the Court to pursue all the more

vigorously its own review because of the ready references not only to the record but also to the legal authorities as furnished it by counsel."

The defendant claims that there was a failure to comply with the requirements specified in the *Fredericks* and *Anders* cases in two respects. The first is that "[i]t cannot be said that . . . counsel acted in any greater capacity than merely as amicus curiae." We find no merit to this claim. To the contrary, the record clearly demonstrates that counsel served as an active and conscientious advocate to the full extent of his professional responsibility and obligation. There is merit, however, to the second claim of the defendant which is that the record discloses that the court only "accepted" the report of the special public defender. The mere "acceptance" of the report falls short of compliance with the federal requirement as mandated in the *Anders* case, supra, 744, which specifies that "the court—not counsel . . . after a full examination of all the proceedings . . . decide[s] whether the case is wholly frivolous." That such a specific judicial determination is required is further indicated by the additional observation in the *Anders* case, supra, 745, that the brief or report required from counsel "would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel." The record gives no indication that the court itself made the review and judicial determination which the *Anders* decision requires and, since it made no finding and filed no memorandum of decision, we cannot conclude from the cryptic notation "Report Accepted" that it did so. We must, accordingly, remand the case for such a judicial determination.

The issue presented on this appeal prompts us to observe that in similar cases in the future it would be highly desirable for the trial court to make certain that the record disclose that the procedures specified in the *Anders* case have been strictly followed and, while it is unnecessary for the court to state its reasons for a decision that an appeal is "wholly frivolous," a memorandum of decision explaining the basis of the decision of the court would obviously be especially desirable. There can be no question that equal justice requires that the right of appellate review cannot depend on the amount of money which the defendant has. *Douglas* v. *California,* 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811; *Griffin* v. *Illinois,* 351 U.S. 12, 19, 76 S. Ct. 585, 100 L. Ed. 891. On the other hand, so long as an indigent defendant can prosecute an appeal at public expense and without any possible detriment to himself there is nothing to protect the public purse or save the appellate courts from a flood of baseless appeals by indigent defendants except a proper judicial determination as to whether a proposed appeal at public expense may have some merit or is in fact frivolous. It is for this reason that in such cases as this the record should fully disclose that there has been full compliance with the federal requirements specified in *Anders* v. *California,* 386 U.S. 738, 744, 745, 87 S. Ct. 1396, 18 L. Ed. 2d 493, and that the judicial determination required by that decision has been made.

There is error and the case is remanded for further proceedings and a judicial decision as to whether the proposed appeal of the defendant is frivolous.

In this opinion the other judges concurred.