STATE OF CONNECTICUT *v.* JOHN P. CROOM

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Submitted October 18—decided October 31, 1973

*John P. Croom,* pro se, in support of the motion.

PER CURIAM. The defendant, John P. Croom, appearing pro se, has filed a motion entitled "Motion for Leave to Appeal as a Poor Person on Original Papers—Dispensing with Printing Requirements—and with Leave to File Typewritten Copies of Appellant's Brief and Appendix."

The record discloses that the defendant was found guilty on a jury trial in October, 1971, of violating General Statutes § 53-155 in attempting to escape from the Connecticut correctional institution where

he was serving sentences. From the judgment rendered on the verdict in that case *(Naruk, J.)*, he has, pro se, taken an appeal to this court.

The record further discloses that the defendant was represented in the trial court by a special public defender for Tolland County who, after judgment was rendered, was permitted to withdraw his appearance upon reporting to the court that a detailed study of the case convinced him that there were no adequate grounds for an appeal. The court thereupon appointed another special public defender to review the trial proceedings and to report to the court. This second special public defender duly filed a report with the court in which he reviewed each claim of error made by the defendant and concluded that "a jury of reasonable men could reasonably reach the verdict they did upon the properly admitted evidence." The court *(Armentano, J.)* then granted his motion to withdraw as counsel for the defendant, filing a memorandum of decision which concluded: "The court finds: (1) there is no substantial error which can be assigned on appeal; (2) the appeal is wholly frivolous; (3) the State has satisfied its burden and responsibility to provide counsel to this indigent defendant to pursue an appeal under the requirements of *Douglas* v. *California*, . . . [372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811]; and (4) the State has fully met and satisfied the constitutional requirements and procedure specified in *Anders* v. *California*, . . . [386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493]; *State* v. *Pascucci*, . . . [161 Conn. 382, 288 A.2d 408]; and *Fredericks* v. *Reincke*, . . . [152 Conn. 501, 208 A.2d 756]."

As this court noted in *State* v. *Pascucci*, 161 Conn. 382, 387, 288 A.2d 408: "There can be no question

that equal justice requires that the right of appellate review cannot depend on the amount of money which the defendant has. *Douglas* v. *California,* 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811; *Griffin* v. *Illinois,* 351 U.S. 12, 19, 76 S. Ct. 585, 100 L. Ed. 891. On the other hand, so long as an indigent defendant can prosecute an appeal at public expense and without any possible detriment to himself there is nothing to protect the public purse or save the appellate courts from a flood of baseless appeals by indigent defendants except a proper judicial determination as to whether a proposed appeal at public expense may have some merit or is in fact frivolous."

It appears that in the present case there has been a full compliance with all constitutional requirements and that the requisite judicial determination has properly been made.

The defendant's pro se appeal having already been filed and the record on appeal having been duly prepared by the clerk, the only presently material portion of the defendant's motion is his request that he be given "leave to file typewritten copies of appellant's brief and appendix." The rules of this court with respect to the preparation, size, form and number of copies of briefs and appendices are contained in §§ 723 and 724 of the Practice Book, as amended. It is obvious that the purpose of the rules is to require clearly legible copies of uniform size for the use of the court and for binding and distribution to the various law libraries of the state.

The defendant's motion is granted to the extent that permission is given him to file typed copies of his brief and appendix so long as they are clearly legible and he complies with the other requirements of §§ 723 and 724 of the Practice Book, as amended.