[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO WITHDRAW AS COUNSEL
In connection with counsel's motion to withdraw as attorney for the appellant, the Court has reviewed the transcripts, record and counsel's Report to the Court.
The standard by which the Court determines that an appeal is totally frivolous is a rigorous one. It goes beyond a determination that an appeal is unlikely to succeed or even that it lacks merit; Anders v. California, 386 U.S. 738
(1967). If any legal point can be argued on its merits, the appeal is not frivolous. State v. Pascucci, 161 Conn. 382,385 (1971).
The Court does not find that an appeal based on the claims that trial counsel's representation was ineffective in that he failed to explore the defendant's amenability to treatment as a sex offender pursuant to Conn. Gen. Stat. Sec. 17-244, would be totally frivolous. This finding is not to suggest that appellate counsel should necessarily limit herself to this particular issue, but is used only to support its finding that an appeal is not totally frivolous. Appellate counsel should properly determine if other issues should or should not appropriately be raised.
The petitioner was convicted of kidnapping in the first degree and sexual assault in the first degree in connection with attacks on two women. The facts support a finding that the crimes involved the use of physical force or violence.
Defendant's counsel was aware, as a result of an evaluation by a Department of Mental Health social worker that the social worker believed that defendant possibly met the criteria for treatment pursuant to Conn. Gen. Stat. Sec. 17-244. Trial counsel did not request the evaluation that Sec. 17-244 makes available.
The Habeas Court ruled, on this issue, that the petitioner failed to prove that he may have been sentenced to the Whiting Forensic Institute even if the evaluation had been done and that only ten (10) percent of those people evaluated by the Whiting Forensic Institute are returned there for treatment.
This Court is not suggesting or intimating that the Habeas Court was incorrect, but does not consider that its decision to grant certification for appeal was improvidently granted. It appears to this Court that an argument could be CT Page 1037 made on appeal that trial counsel's failure to request Sec. 17-244 consideration fell below the standard required of counsel and that the Habeas Court erred in concluding it did not, or that it was not proven, and it appears to this Court that such an argument would not be totally frivolous.
Since appointed appellate counsel has a thorough and complete understanding of the issues, for the sake of judicial economy and the appellant's interest in an expeditious appeal, she should proceed with the appeal, at least on the issue discussed herein.
Accordingly, the Motion to Withdraw as Counsel is denied and Counsel is directed to proceed with the appeal.
KLACZAK, J.