[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO WITHDRAW AS COUNSEL FOR PETITIONER
FACTS
The petitioner, Robert L. Beverly, was charged with and convicted by a jury of murder in violation of Connecticut General Statutes (Rev. to 1991) section 53-54a. The crime allegedly occurred in North Canaan, Connecticut.
On July 28, 1991, the court (Dranginis, J.) sentenced the petitioner to an effective term of imprisonment of fifty-five years. The Connecticut Supreme Court subsequently affirmed the petitioner's conviction. See State v. Beverly, 224 Conn. 372,618 A.2d 1335 (1993).
On August 28, 1992, the petitioner filed a pro se petition for CT Page 1412-JJJ writ of habeas corpus, alleging that he had received ineffective assistance of counsel during his trial.[1]
As a result of the petitioner's pro se petition, the court appointed a special public defender to represent the petitioner. The special public defender has reviewed the file and has concluded that there are no non-frivolous arguments in support of the petitioner's claims. Consequently, the special public defender has filed a motion and supporting memorandum to withdraw, requesting that the court withdraw the appearance of all public defenders.
This Court has reviewed the file and grants the Special Public Defender's Motion to Withdraw his appearance.
II. DISCUSSION
The right to appointed counsel is available only where there is a non-frivolous claim. Anders v. California, 386 U.S. 738, 744-45
(1967); State v. Pasucci, 161 Conn. 382, 385, 288 A.2d 408
(1971); Practice Book section 952. "If [appointed] counsel finds [the petitioner's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." Anders v. California,
supra, 386 U.S. 744-45; State v. Pasucci, supra, 161 Conn. 385; Practice Book section 952. Such a request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . ." Anders v. California,
supra, 744-45; State v. Pasucci, supra, 385. The court then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. Anders v. California,
supra, 744-45; State v. Pasucci, supra, 386.
If the court finds any of the legal points arguable on the merits, and, therefore, not frivolous, the court must afford the indigent the assistance of counsel. Anders v. California, supra, 744; See also State v. Pasucci, supra, 387 (adopting Anders
requirements).
A. Petitioner's Ineffective Assistance of Counsel Claim
"The right to the effective assistance of counsel is firmly grounded in the mandates of the sixth amendment to the United States constitution, the fourteenth amendment to the United States constitution, and article first, section 8, of the Connecticut constitution. The right to counsel is the right to effective CT Page 1412-KKK assistance of counsel. . . ." (Citations omitted.) State v. Mason,186 Conn. 574, 577, 442 A.2d 1335 (1982). The right to counsel, however, is the right to effective assistance and not the right to perfect representation. Commissioner of Correction v. Rodriguez,222 Conn. 469, 478, 610 A.2d 631 (1992).
The Connecticut Supreme Court has adopted the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668 (1984) to evaluate ineffective assistance of counsel claims. Copas v.Commissioner of Correction, 234 Conn. 139, 154, 662 A.2d 718
(1995); Ostolaza v. Warden, 26 Conn. App. 758, 761, 603 A.2d 768
(1992).
The test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Strickland v. Washington,466 U.S. 668, 694 (1984); Phillips v. Warden, 220 Conn. 112, 132,595 A.2d 1356 (1992). "Unless a [petitioner] makes both showings, it cannot be said that the conviction. . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted). Fair v. Warden,211 Conn. 398, 402, 559 A.2d 1094 (1989) quoting Strickland v.Washington, supra, 466 U.S. 687.
The petitioner has the burden of identifying the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Strickland v. Washington,
supra, 690; Quintana v. Warden, 220 Conn. 1, 5, 593 A.2d 964
(1991). The court must then determine, whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Stricklandv. Washington, supra, 690; Fair v. Warden, 211 Conn. 398, 402-03,559 A.2d 1094 (1989); State v. Talton, 197 Conn. 280, 297,97 A.2d 35 (1985). Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[2] Strickland v. Washington, supra, 689;Quintana v. Warden, 220 Conn. 1, 5, 593 A.2d 964 (1991).
In the present action, the petitioner asserts that trial counsel failed to investigate witnesses the petitioner made known to counsel. CT Page 1412-LLL
The duty to investigate is defined as a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland v.Washington, 466 U.S. 668, 691 (1984). "The reasonableness of a decision not to investigate is to be judged according to the circumstances of each case with great deference given to the attorney's decision." Strickland v. Washington, supra, 466 U.S. 691.
After reviewing the trial transcript, the special public defender's memorandum and an investigative report prepared on behalf of the special public defender, this Court finds the petitioner's ineffective assistance of counsel claim to be frivolous.
The investigator reports that he met with the petitioner to hear his claims and subsequently contacted trial counsel. Trial counsel indicated that Ms. Parsons, the investigator who worked on the case, covered all the aspects he asked of her and interviewed every person established as being helpful to the defense. Moreover, the investigator states that he had a lengthy conversation with Parsons about the Beverly investigation. Parsons indicated that she followed up on all of the witnesses provided by Beverly and that none of them were beneficial to his defense. Parsons also stated that most of Beverly's so-called witnesses had things to cover up and were not too friendly. The investigator concluded that the only information Parsons uncovered was harmful to the petitioner's case.
This Court further finds that the petitioner's remaining claims are also frivolous. There is no evidence that counsel did not meet with the petitioner. Moreover, the trial transcript reveals that even if this were true, counsel performed adequately at trial.
The petitioner's claim that his attorney refused to withdraw and that his attorney retained an investigator who worked for the State Police are unsubstantiated and irrelevant to whether trial counsel was effective.
This Court finds, therefore, that there are no non-frivolous issues to be tried. Accordingly, this Court grants the special public defender's motion to withdraw.
BY THE COURT, CT Page 1412-MMM
Hon. Jonathan J. Kaplan