[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the Petitioner, Derek Jackson, filed a Habeas Corpus Petition on August 29, 1995 in the New Haven Superior Court which is Docket No. CV 95-0377952. He also filed a Habeas Corpus Petition in the Hartford G.A. #14 Court on May 11, 1994 which is now Docket No. CV 94-384322 (formerly CV 94-1891). These matters were consolidated on a motion filed by the Petitioner's attorney on December 22, 1995. The Petitioner is represented by Attorney Raymond J. Rigat.
The Petitioner's attorney has filed a Motion to Withdraw as Petitioner's counsel as said counsel can find no non-frivolous issues to argue on the Petitioner's behalf to this court that could result in the Petitioner's habeas corpus petition being granted.
The procedure to be followed in cases where Petitioner's counsel is of the opinion that a petition for habeas corpus has no merit or is frivolous are set forth in Anders v. California,386 U.S. 738 (1967) and in Fredericks v. Reincke, 152 Conn. 501
(1965) and State v. Pascucci, 161 Conn. 382 (1971). Those cases hold that if after a conscientious review of the Petitioner's case, the Petitioner's attorney decides the case is merely frivolous, the attorney should so advise the court and request permission to withdraw from the case. Such a request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. State v. Pascucci, supra 385. A copy of counsel's brief should be furnished to the indigent (Petitioner) and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a CT Page 5114-VV full examination of all the proceedings, to decide whether the case is wholly frivolous. Id. The constitutional requirements of substantial equality and fair process mandates this procedure be followed. Anders v. California, supra 744. Therefore the court has the responsibility to determine if a petitioner's petition for a writ of habeas corpus is wholly frivolous.
The standard as to whether a petition is frivolous depends on whether the court finds any of the legal points arguable on these merits and therefore not frivolous. Anders v. California, supra 744. Connecticut has adopted the Anders standard in State v.Pascucci, supra 385, 386. (See also Connecticut Practice Book §§ 529T and 529U.)
Although Anders v. California, supra, was a habeas corpus action, the opinion in that case focuses only upon "the extent of the duty of court appointed appellate counsel to prosecute a first appeal from a criminal conviction after that attorney has conscientiously determined that there is no merit to the indigent's appeal. Franko v. Bronson, 19 Conn. App. 686, 691
(1989). The court in the Franko case stated that because the legislature has created a right to counsel in habeas corpus cases under § 51-296, and in appeals therefrom, we conclude that the right to appeal in habeas corpus actions should be extended the same protections as those set out in the Anders decision. Id., 692.
Under Connecticut Practice Book § 529U, the court has three courses of action it may take on the Petitioner's counsel's motion to withdraw as attorney. It may grant the motion and dismiss the matter, or it may grant the motion and allow the Petitioner to proceed pro se, or it may deny the motion.
At a hearing on the Petitioner's attorney's motion to withdraw as counsel, Attorney Rigat stated he could find no non- frivolous issue in either file for the court to consider.
The Petitioner stated to the court that his claim in Docket No. CV 95-0377952 are that his trial counsel, Attorney Thomas Conroy, was ineffective as his counsel because he did not have enough time to prepare for the trial of his case between the date he was appointed his attorney on November 8, 1990 and the date of his trial. The Petitioner also alleges that he has a double jeopardy claim because a charge of Possession of a Weapon was nolled in the Geographical Area Court and he then was charged and CT Page 5114-WW convicted under Conn. General Statute § 53a-8 (Criminal Liability for acts of another) relative to a weapon.
In Docket No. CV 94-384322 the Petitioner claims Attorney Conroy was ineffective because he did not impeach the testimony of Police Officer Mary Fish at his trial with a statement that the said Officer Fish made in the Geographical Area Court which he claims was inconsistent with her trial testimony. He also claims that the jury instruction given by the trial judge did not include the proper instruction relative to a unanimous verdict.
The Petitioner stated to the court that he had no complaints about the representation he received from Attorney Paula Montanye in his previous habeas trial.
The court finds that the Petitioner's attorney has made a conscientious examination of the matters and issues involved in the Petitioner's case and the law relative thereto. In his brief Attorney Rigat states that he has met with the Petitioner to discuss his case and that he has carefully reviewed both the habeas trial transcripts and the relevant portions of the criminal trial transcripts for evidence of ineffective assistance of counsel. He has found nothing to support the Petitioner's claims in either file.
The court, after hearing the evidence in this matter and after further reviewing the Petitioner's habeas corpus files, find that these matters are wholly without merit. The court therefore grants the motion of Attorney Raymond J. Rigat to withdraw as the Petitioner's attorney in both files, namely CV 95-0377952 and CV 94-0384322. The; court further dismisses both of the Petitioner's aforementioned habeas corpus petition for the reasons stated herein.
William J. Sullivan, Judge