[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the Petitioner, William Washington, filed a Petition for Writ of Habeas Corpus on May 26, 1995. The Petitioner is represented by Attorney Todd A. Edgington in this matter. The Petitioner claims that the State illegally withdrew a plea offer to him. The Petitioner alleges that in the summer of 1994 the State offered him a Plea agreement whereby if he plead guilty to various crimes he would receive a sentence of ten years execution thereof suspended after serving five years with probation. The Petitioner rejected that plea offer. The Petitioner alleges that he later changed his mind about accepting that plea offer. He informed his trial attorney, Bernard Steadman of his change of mind relative to the plea offer. However due to a death in his Attorney's family the Petitioner did not go to court again until October 1994. At that time the Petitioner and his Attorney learned that the ten year plea offer was no longer available and that if he plead guilty the State would make a plea offer of fourteen years execution suspended after serving seven years with probation. The Petitioner rejected that offer. Then the jury was selected for the Petitioner's case and the trial commenced. After the State had two witnesses testify the Petitioner withdrew his not guilty plea and plead guilty to the various charges hereinafter set forth. The Petitioner plead guilty on October 31, 1994 to Criminal Attempt to Commit Murder, Assault in the First Degree, Carrying a Pistol Without a Permit and Escape in the First Degree. There was no agreement as to what sentence the Petitioner would receive for said guilty pleas. On December 13, 1994 the Petitioner received a total effective sentence of thirty years incarceration, execution suspended after CT Page 5495-XXXX serving twenty-five years, with three years probation.
The Petitioner claims that his counsel was ineffective and that he now wants his original plea offer of ten years incarceration suspended after serving five years with probation reinstated. In his Petition, Mr. Washington states he was not fully prepared for trial and that he feels he was misrepresented.
At this hearing the Petitioner alleges that he never plead guilty to attempted Murder. The court disagrees. A reading of the complete plea canvass shows that the Petitioner plead guilty under the Alford Doctrine to the crime of Attempted Murder. (Transcript of October 31, 1994). The Petitioner claims that the Judge vacated his guilty plea to Attempted Murder (see certified copy of the Transcript of October 31, 1994 at page 10 found in the court file) and that he never subsequently plead guilty to that charge under the "Alford Doctrine". He further claimed at the hearing that his attorney allowed him to be sentenced to twenty years incarceration for the offense of Criminal Attempt to Commit Murder when he never plead guilty to that charge. (See Certified Copy of Transcript at page 12 found in Court file). This court does not agree. It is clear when you review the transcript of the Petitioners plea canvass that he plead guilty to the crime of Criminal Attempt to Commit Murder under the "Alford Doctrine" and that said plea was voluntary.
The petitioner's present attorney has filed a Motion to Withdraw as Petitioner's counsel as said counsel can find no non frivolous issues to argue on the petitioner's behalf to this court that could result in the petitioner's habeas corpus' petition being granted.
The procedure to be followed in cases where petitioner's counsel is of the opinion that a petition for habeas corpus has no merit or is frivolous are set forth in Anders v. California,386 U.S. 738 (1967) and in Fredericks v. Reincke, 152 Conn. 501
(1965) and State v. Pascucci, 161 Conn. 382 (1971). Those cases hold that if after a conscientious review of the petitioner's case, the petitioner's attorney decides the case is merely frivolous, the attorney should so advise the court and request permission to withdraw from the case. Such a request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. State v. Pascucci,
supra 385. A copy of counsel's brief should be furnished to the indigent (petitioner) and time allowed him to raise any points CT Page 5495-YYYY that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous Id. The constitutional requirements of substantial equality and fair process mandates this procedure be followed. Anders v. California, supra 744. Therefore the court has the responsibility to determine if a petitioner's petition for a writ of Habeas Corpus is wholly frivolous.
The standard as to whether a petition is frivolous depend on whether the court finds any of the legal points arguable on their merits and therefore not frivolous. Anders v. California, supra 744. Connecticut has adopted the Anders standard in State v.Pascucci, supra 385, 386. (See also Connecticut Practice Book Sections 529T and 529U).
Although Anders v. California supra was a habeas corpus action, the opinion in that case focuses only upon "the extent of the duty of court appointed appellate counsel to prosecute a first appeal from a criminal conviction after that attorney has conscientiously determined that there is no merit to the indigent's appeal. Franko v. Bronson, 19 Conn. App. 686, 691
(1989). The court in the Franko case stated that because the legislature has created a right to counsel in habeas corpus cases under § 51-296, and in appeals therefrom, we conclude that the right to appeal in habeas corpus actions should be extended the same protections as those set out in the Anders decision Id. 692.
Under Connecticut Practice Book § 592U the court has three courses of action it may take on the petitioner's counsel's motion to withdraw as Attorney. It may grant the motion and dismiss the matter, or it may grant the motion and allow the petitioner to proceed pro se, or it may deny the motion.
The court finds that the petitioner's attorney has made a conscientious examination of the matters and issues involved in the petitioner's case and the law relative thereto. Attorney Edgington has set forth the claims of the petitioner in his brief. He has set forth the factual and legal basis for his conclusion that the case is wholly frivolous, all in accordance with § 529T of the Connecticut Practice Book.
The Court, after hearing the evidence in this matter and after further reviewing the petitioner's habeas corpus file, finds that this matter is wholly without merit. The Court CT Page 5495-ZZZZ therefore grants the motion of Attorney Todd A. Edgington to withdraw as the petitioner's attorney. The Court further dismisses the petitioner's habeas corpus petition for the reasons stated herein.
William J. Sullivan, Judge