[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION RE: SPECIAL PUBLIC DEFENDER'S MOTION TO WITHDRAW
FACTS
The petitioner, Kevin Lauray, seeks habeas corpus relief from allegedly unlawful confinement resulting from a plea under theAlford doctrine to attempted murder under General Statutes §53a-54a, and theft of a firearm under General Statutes §53a-212. The petitioner further seeks habeas corpus relief from allegedly unlawful confinement resulting from a plea to carrying a pistol without a lawful permit under General Statutes §29-35, two counts of assault in the third degree under General Statutes § 53a-61, and murder under General Statutes §53a-54a. The court, O'Connell, J., sentenced the petitioner to a total effective, sentence of 30 years.
The petitioner subsequently filed a pro se petition for writ of habeas corpus, alleging that his trial counsel provided him ineffective assistance of counsel by failing to properly investigate and/or recognize the petitioner's mental status at the time of his plea. As a result of the petitioner's pro se petition, the court appointed a special public defender to represent the petitioner. The special public defender subsequently undertook to substantiate the petitioner's claims. The special public defender received authorization to have the petitioner evaluated by a psychiatrist, who determined that the CT Page 5495-PPPP petitioner was competent at the time of his pleas. Based upon the doctor's findings and his own personal review of this matter, the special public defender believes that the petitioner's habeas corpus claims will not be successful, and so he requests that his appearance be withdrawn. The special public defender has filed a motion to withdraw, which was accompanied by a memorandum of law in support and a letter of evaluation from a psychiatrist, Kenneth M. Selig, M.D., J.D.
DECISION
The right to appointed counsel is available only where there is a non frivolous claim. Anders v. California, 386 U.S. 738, 744- 45 (1967); State v. Pasucci, 161 Conn. 382, 385,288 A.2d 408 (1971); Practice Book section 952. "If [appointed] counsel finds [the petitioner's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." Anders v. California,
supra, 386 U.S. 744-45; State v. Pasucci, supra, 161 Conn. 385; Practice Book section 952. Such a request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . ." Anders v. California,
supra, 744-45; State v. Pasucci, supra, 385. The court then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. Anders v.California, supra, 744-45; State v. Pasucci, supra, 386.
If the court finds any of the legal points arguable on the merits, and, therefore, not frivolous, the court must afford the indigent the assistance of counsel. Anders v. California, supra, 744; See also State v. Pasucci, supra, 387 (adopting Anders requirements).
Petitioner's Ineffective Assistance of Counsel
"The right to the effective assistance of counsel is firmly grounded in the mandates of the sixth amendment to the United States constitution, the fourteenth amendment to the United States constitution, and article first, section 8, of the Connecticut constitution. . . ." (Citations omitted.) State v.Mason, 186 Conn. 574, 577, 442 A.2d 1335 (1982). The right to counsel, however, is the right to effective assistance and not the right to perfect representation. Commissioner of Correctionv. Rodriguez, 222 Conn. 469, 478, 610 A.2d 631 (1992). CT Page 5495-QQQQ
The Connecticut Supreme Court has adopted the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668 (1984) to evaluate ineffective assistance of counsel claims. Copas v.Commissioner of Correction, 234 Conn. 139, 154, 662 A.2d 718
(1995); Ostolaza v. Warden, 26 Conn. App. 758, 761, 603 A.2d 768
(1992).
The test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Strickland v.Washington, 466 U.S. 668, 694 (1984); Phillips v. Warden,220 Conn. 112, 132, 595 A.2d 1356 (1992). "Unless a [petitioner] makes both showings, it cannot be said that the conviction. . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted). Fairv. Warden, 211 Conn. 398, 402, 559 A.2d 1094 (1989) quotingStrickland v. Washington, supra, 466 U.S. 687.
The petitioner has the burden of identifying the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Strickland v. Washington,
supra, 690; Ouintana v. Warden, 220 Conn. 1, 5, 593 A.2d 964
(1991). The court must then determine; whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."Strickland v. Washington, supra, 690; Fair v. Warden, 211 Conn. 398,402-03, 559 A.2d 1094 (1989); State v. Talton, 197 Conn. 280,297, 97 A.2d 35 (1985). Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[1] Strickland v.Washington, supra, 689; Ouintana v. Warden, 220 Conn. 1, 5,593 A.2d 964 (1991).
After reviewing the sentencing transcript, the special public defender's memorandum and the exhibits provided, the court concludes that the petitioner's ineffective assistance of counsel claim is frivolous.
The petitioner first claims that his guilty plea was not voluntary because, at the time of the plea, he was under the influence of drugs. Based upon examination of the record, there are no non-frivolous arguments to support this claim. At the time CT Page 5495-RRRR of the plea, the petitioner was specifically asked by the trial judge whether he was under the influence of alcohol or drugs or any kind of medication, and the petitioner responded that he was not. Additionally, a review by Kenneth M. Selig, shows that at the time of the plea, the petitioner was mentally stable. According to Dr. Selig, this is evidenced by the accurate, responsive answers which the petitioner provided to the trial judge and by a review of the petitioner's Department of Corrections psychiatric records. According to these records, while the petitioner was being treated with antidepressant and antipsychotic medication for the seven or eight months prior to the plea, the medication appears to have stabilized the petitioner's mental state, not to have confused it. According to the psychiatric note of April 30, 1990, the petitioner felt a sense of relief after accepting the plea because he then knew what he had to face. The petitioner's mental state was assessed as stable. Trial counsel had no reason to believe that the petitioner was not mentally stable at the time of the plea.
The court concludes there are no non-frivolous issues before this court. Accordingly, the court grants the special public defender's motion to withdraw. Petitioner may proceed pro se.
Petitioner shall notify the court, on or before October 31, 1996 whether or not he plans to proceed to trial. If not, or if he does not notify the court of his intentions, the case shall be dismissed on November 1, 1996.
BY THE COURT,
HON. J. KAPLAN