[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION BY APPOINTED COUNSEL FOR PERMISSION TOWITHDRAW APPEARANCE
On June 6, 1996, in the Superior Court for the Judicial District of Tolland, the above-named defendant entered pleas of guilty to six counts of Risk of Injury to a Minor Child, two counts of Sexual Assault in the First Degree, and four counts of Sexual Assault in the Second Degree. These pleas were entered pursuant to a plea agreement which provided that in return for his pleas of guilty the State agreed to recommend a total effective sentence of 40 years in the custody of the commissioner of corrections, execution suspended after the service of 25 years, followed by probation for 10 years. The defense reserved the right to argue for a lesser sentence at the time of sentencing. The pleas were canvassed and accepted by the court (J. Kaplan, J.) and findings of guilty were entered. A sentencing hearing was held on January 23, 1997 at which time the court imposed a total effective sentence of 40 years, execution suspended after serving 25 years in confinement and followed by a period of probation for 10 years.
The defendant has appealed the judgement of convictions claiming that he was incompetent at the time he entered his pleas; that the court misled him about his right to argue for a lesser sentence; that the court failed to consider the opinions of experts concerning sentencing; and that the assistance given CT Page 3827 him by his trial counsel was ineffective. The Office of the Public Defender was appointed by the court to represent the defendant on his appeal. The Assistant Public Defender assigned to represent the defendant, after reviewing the file and the transcripts of the proceedings, has concluded that there are no non-frivolous claims to be raised on appeal and has filed a motion to withdraw her appearance.
The right to appointed counsel is available only where there is a non-frivolous claim. Anders v. California, 386 U.S. 738,744-45 (1967); State v. Pasucci, 161 Conn. 382, 385, 288 A.2d 408
(1971). Practice Book section 952. "If [appointed] counsel finds [the petitioner's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." Anders v. California,
supra, 386 U.S. 744-45; State v. Pasucci, supra, 161 Conn. 385; Practice Book section 952. Such a request "must", however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . ." Anders v. California,
supra, 744-45. State v. Pasucci, supra, 385. The court then proceeds, after a full consideration of all the proceedings, to decide whether the case is wholly frivolous. Anders v.California, supra, 744-45; State v. Pasucci, supra, 386.
If the court finds any of the legal points arguable on the merits, and therefore not frivolous, the court must afford the indigent defendant the assistance of counsel. Anders v.California, supra, 744; See also State v. Pasucci, supra, 387 (adopting Anders requirements).
This court has carefully and thoroughly reviewed the record, the transcripts of the June 6, 1996 and January 23, 1997 proceedings, as well as the extensive "Report To The Court In Support of Motion To Withdraw As Counsel "submitted by the public defender in support of her motion to withdraw. The court is in complete agreement with the Public Defender's conclusions, contained within her memorandum, that the defendant's appeal is wholly frivolous.
This court finds that the trial court conducted an extensive and carefully tailored canvass of the defendant's pleas and substantially complied with all of the applicable requirement of statutes and the Practice Book. The court explained to the defendant the elements of the crimes to which he was pleading guilty, as well as the possible minimum and maximum penalties to CT Page 3828 which he was exposed. The court went over each of the facts alleged by the State and the defendant agreed with those facts. The defendant acknowledged the constitutional rights he was giving up by pleading guilty. He indicated that he had conferred with his attorney before pleading guilty to the charges and that he was fully satisfied with the advice and assistance given him by his attorney. He indicated that his pleas were being entered voluntarily and without any coercion.
The defendant stated that he was forty-eight years old, and that his education included two years of college. While he initially stated that he had not taken any drugs, alcohol or medication on the day of the plea, he later indicated that he had taken prescribed medication that morning. However, he stated that the medication was something he had been taking "right along" and that "it's just to help maintain". "I'm very much aware". (T.38) In other cases where a defendant was taking medication and the court canvassed the defendant concerning the effects of the medication, our Appellate Courts have found the pleas of such individuals to be voluntarily and intelligently made where the defendant, on the record, indicated that he was experiencing no negative effects. State v. Blue, 230 Conn. 109, 111, 644 A.2d 859
(1994);. Sherbo v. Manson, 21 Conn. App. 172, 184, 572 A.2d 378, cert. denied, 215 Conn. 808-09, 576 A.2d 539 (1990).
The defendant conferred with his attorney on several occasions during the course of the canvass, and, when he did not understand an issue, he asked specific and detailed questions of the court through his attorney. For example, when the court articulated the specific sentencing agreement and asked the defendant if he understood the effect of that agreement, Mr. Warren conferred with his attorney who in turn conveyed the defendant's concern that the court did not mention that he would have the right to argue for a sentence less than that recommended by the State. The court assured him that he would have that right at the time of sentencing. However, the trial judge was crystal clear when he told the defendant that while he would keep an open mind and consider the argument of counsel at the time of sentencing, it was not likely that the defendant would receive a sentence substantially reduced from that agreed to by the parties. The defendant indicated that he understood that. (T. 35) This court finds that the defendant's claim that the trial court misled him about his right to argue for a lesser sentence is totally without merit. CT Page 3829
The trial court also engaged an extensive conversation with the defendant regarding any mental health problems he might be experiencing. Based upon this interaction, and the court's observations of the defendant, the court specifically concluded that the defendant was competent. (T. 37-40) "Competence to stand trial is a legal question which must ultimately be determined by the trial court." State v. Gonzalez, 205 Conn. 673, 535 A.2d 345
(1987). The basis of the trial court's finding that the defendant was competent, and that his pleas of guilt were entered voluntarily with a full understanding of the crimes charged and the consequences of the pleas after adequate and effective assistance of counsel, as well as the finding that there was a factual basis for the pleas, are supported by the record after considering the evidence presented at the sentencing hearing,
The record reflects that on January 23, 1997, the sentencing court, after listening to and giving consideration to the arguments of counsel and others for a reduced sentence, imposed the sentence agreed upon by the parties in full compliance with the plea/sentencing agreement. The court took considerable time to discuss in great detail the reasons for the sentence being imposed and the reasons for rejecting recommendations for a reduction in that sentence. It is clear that the sentencing court carefully weighed and considered all of the information presented during the sentencing hearing. The defendant's claim that the court did not consider the opinions of his experts concerning sentencing is clearly contradicted by the record.
There is nothing in the record to suggest, much less establish, the defendant's claim of ineffective assistance of counsel. During the course of the canvass of his pleas the defendant, stated that he was fully satisfied with the advice and assistance of his attorney. Counsel for the defendant gave a well prepared sentencing presentation on behalf of his client. Additionally, the trial judge, who had the best opportunity to observe and evaluate the efforts of defense counsel on behalf of the Mr. Warren, recognized Attorney McGrath's role as an advocate for the Defendant stating, "Mr. McGrath has handled his position very professionally and ethically and worked extremely diligently on behalf of Mr. Warren." (T. 27)
Finally, our appellate courts have indicated on numerous occasions that the preferred vehicle of an ineffective assistance of counsel claim is either a petition for a writ of habeas corpus or a petition for a new trial, not a direct appeal. "Absent the CT Page 3830 evidentiary hearing available in the collateral action, review in this court of the ineffective assistance claim is at best difficult and sometimes impossible. The evidentiary hearing provides the trial court with the evidence that is often necessary to evaluate the competency of the defense and the harmfulness of any incompetency." (internal citations omitted). State v. Patrick, 42 Conn. App. 640, 650-51 (1996).
After considering the entire record, this court is convinced that there are no non-frivolous appellate issues in this case. Accordingly, the motion of the Public Defender to withdraw is granted.
Terence A. Sullivan Superior Court Judge