[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO WITHDRAW AS COUNSEL FOR PETITIONER
Petitioner filed a Habeas Corpus petition, claiming his conviction based on a guilty plea under the Alford doctrine,[1] was illegal due to alleged ineffective assistance of trial counsel. After careful review of petitioner's case, his attorney, Alexander Schwartz, who was appointed as a special public defender has moved to withdraw as counsel pursuant to Anders v. California,386 U.S. 738 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Petitioner was notified of his habeas counsel's motion to withdraw. Petitioner filed a detailed objection to the motion.
This Court has reviewed petitioner's objection and counsel's motion, brief and attachments. The Court has also reviewed the transcripts of petitioner's plea before Judge Purtill and sentencing by Judge Norko. This Court finds that there are no non-frivolous issues to be tried in this case. Counsel's motion to withdraw is GRANTED and his habeas corpus petition is DISMISSED. CT Page 10974 PB § 23-42.
I. FACTS
The petitioner was charged in Hartford Superior Court with a three-count information, accusing him of Robbery in the First Degree, Sexual Assault in the First Degree, and Kidnapping in the First Degree. He was represented by a public defender, Attorney Kenneth Simon. He was beginning his trial, when he decided to plead guilty to a one count Substitute Information, charging Sexual Assault in the First Degree. The plea bargain approved by the Court (Norko, J.) provided for a cap of a sentence of seven years, (consecutive to a separate charge of Probation Violation, which had a six and one-half year sentence exposure). The State's Attorney reserved the right to argue for more than seven years, and Attorney Simon reserved the right to argue for less than seven years. Therefore, the total effective sentence could be as much as thirteen and one-half years to serve, under Judge Norko's "indicated cap".
Petitioner was not only facing three very serious charges, but he was also facing sixty or more years in prison. The plea bargain provided for a charge reduction (three counts to one count) and a sentence cap.
Petitioner claims he was denied a fair trial for several reasons. These allegations include the following:
1. His trial counsel coerced him to plead guilty;
 2. His trial counsel failed to properly investigate his case or his mental state; and
 3. His trial counsel discriminated against him, because of petitioner's sexual orientation;
Petitioner also claims his guilty plea was invalid because he was taking medication at the time of his plea.
Attorney Schwartz could find no evidence to support any of the claims raised in petitioner's objection to the motion to withdraw. He found no basis for petitioner's claim that he was coerced into a plea. He also found no evidence to support the claim that Attorney Simon in any manner discriminated against the petitioner. CT Page 10975
This case is one where the petitioner admitted having sexual relations with the alleged victim. The victim claimed it was forced. The petitioner claimed the victim consented. The defenses available at trial would have been either "consent" or a defense of "insanity".
The only way that "consent" could have been raised would have been for the defendant to testify. Due to petitioner's past record and sexual history, the "consent" defense was most likely doomed. The record indicates that the victim was available to testify.
The other possible defense would have been "insanity". The only way to prevail on an insanity defense, is with expert testimony to support the claim. In this case, the petitioner was examined by doctors but they could not testify in support of an insanity claim.
The petitioner was left with a difficult choice. He could go to trial, but he probably would have been convicted of three
serious felonies. With his past record, he probably would have received a sentence being the functional equivalent of life in prison. His other option was to maintain his innocence, enter a guilty plea under the Alford doctrine, and be sentenced pursuant to an indicated cap of no more than seven years, consecutive to his violation of probation sentence.
The petitioner made a voluntary choice to accept the certainty of a plea bargain, rather than the uncertainty of a trial. Based on a careful review of the file, this was a very wise choice.
As far as the voluntariness of the plea, Judge Purtill exhaustively canvassed petitioner's plea and found it to be voluntary. Judge Purtill's canvass is one of the most thorough plea canvasses this Court has ever read. It is clear from the transcripts, that petitioner's guilty plea was made knowingly and voluntarily.
As to issues of medication, the petitioner disclosed at the plea hearing that he had taken a daily dose of his prescription medications. He further stated, however, that he fully understood everything and that his medications helped him maintain a clear thought process. Judge Purtill also stated that petitioner appeared to fully understand everything related to the plea.
Petitioner also claims that his Alford was not valid, because CT Page 10976 the charge he pleaded to was not reduced. The Alford doctrine does not require a charge reduction, Alford requires that a criminal defendant's exposure be less than the exposure on the original charges.
In this case, the defendant went from facing three very serious felony charges, and scores of years in prison. The plea bargain capped petitioner's exposure to one count and seven years consecutive to petitioner's probation violation. That combination creates a valid basis for an Alford plea.
Attorney Simon thoroughly investigated the case and petitioner's mental health status. The mental health reports show that there were no mental health issues that could be raised in defense of the criminal charges.
There is nothing in the records to show that any of petitioner's claims have any validity. There was no evidence of coercion, mental health issues, or failure to investigate properly.
II. DISCUSSION
The right to appointed counsel is available only where there is a non-frivolous claim. Anders v. California, supra,386 U.S. 744-45; State v. Pasucci, 161 Conn. 382, 385, 288 A.2d 408 (1971); Practice Book Section 23-41, 42. "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."Anders v. California, supra, 386 U.S. 744-45; State v. Pasucci, supra, 161 Conn. 385; Practice Book Section 43-34. Such a request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Anders v.California, supra, 744-45; State v. Pasucci, supra, 385. The court then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. Anders v. California, supra, 744-45; State v. Pasucci, supra, 386.
If the court finds any of the legal points arguable on the merits, and, therefore, not frivolous, the court must afford the indigent the assistance of counsel. Anders v. California, supra,386 U.S. 744; See also State v. Pasucci, supra, 161 Conn. 387
(adopting Anders requirements).
The right to the effective assistance of counsel is firmly CT Page 10977 grounded in the mandates of the sixth amendment to the United States constitution, the fourteenth amendment to the United States constitution, and article first, section 8, of the Connecticut constitution. The right to counsel is the right to effective assistance of counsel. State v. Mason, 186 Conn. 574, 577,442 A.2d 1335 (1982). The right to counsel, however, is the right to effective assistance and not the right to perfect representation.Commissioner of Correction v. Rodriguez, 222 Conn. 469, 478,610 A.2d 631 (1992).
In Strickland v. Washington, 466 U.S. 668 [104 S.Ct. 2052,80 L.Ed.2d 674 (1984)], "the United States Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel during criminal proceedings: the defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness; id., 687-88; and (2) that defense counsel's deficient performance prejudiced the defense. Id., 694." Copas v.Commissioner of Correction, 234 Conn. 139, 154, 662 A.2d 718
(1994). In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366,88 L.Ed.2d 203 (1985), the United States Supreme Court articulated a modified prejudice standard for cases in which the conviction has resulted from a guilty plea. Copas v. Commissioner of Correction, 151. "[I]n order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) Id., 156. Connecticut has adopted the Hill-Strickland
test for ineffective assistance of counsel claims in cases involving guilty pleas. Id., 152.
The petitioner has the burden of identifying the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Strickland v. Washington, supra, 466 U.S. 690; Quintana v. Warden, 220 Conn. 1, 5,593 A.2d 964 (1991). "The court must then determine, whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."Strickland v. Washington, supra, 690. State v. Talton,197 Conn. 280, 297, 97 A.2d 35 (1985). Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[2] Strickland v. Washington, supra, 689; Quintana v. Warden, supra, 220 Conn. 5.
After reviewing the trial transcript, and the special public CT Page 10978 defender's memorandum, this Court finds the petitioner's ineffective assistance of counsel claim to be frivolous.
This Court finds, therefore, that there are no non-frivolous issues to be tried. Accordingly, this Court GRANTS the special public defender's motion to withdraw.
Furthermore, since this Court finds absolutely no merit to petitioner's claims, the Habeas Petition is hereby DISMISSED. Practice Book Section 23-42.
BY THE COURT,
Hon. Jonathan J. Kaplan