[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO WITHDRAW AS COUNSEL ON APPEAL
Counsel for the defendant Robert Crosby has moved for permission to CT Page 7752 withdraw his appearance on the basis that an appeal in this case would be wholly frivolous. Reference is made to a report filed by Attorney Joseph Visone, dated September 4, 2001, in support of his motion. Counsel is acting pursuant to Practice Book § 43-34 through 43-38. See alsoAnders v. California, 386 U.S. 738 (1967) and State v. Pascucci,161 Conn. 382 288 A.2d 408 (1971).
Thereafter, the defendant was present in court on April 24, 2002, whereupon the proceeding was explained to him by this court and additional time was granted for him to file any relevant supplemental information relevant to the issue of his appeal.
 STATEMENT OF FACTS
The defendant was represented at his legal proceeding by Attorney Joseph Visone. On May 4, 1999 the defendant pleaded guilty in Superior Court Meriden to Possession of Narcotics 21A-279A, Risk of Injury to a Minor 53-21, Burglary in the 3rd degree 53A-103 and Assault in the 3rd degree 53A-61. He received a total effective sentence of seven years suspended after eighteen months, three years probation. The defendant was charged with Violation of Probation 53A-32 on November 16, 2000. A violation of probation hearing was conducted by the court Taylor, J. on May 7, 2001, whereupon the defendant was found in violation of his probation and ordered returned to the commissioner of correction to serve a five year sentence.
 POTENTIAL APPELLATE ISSUES 1) Whether the trial properly admitted two laboratory reports showing the presence of cocaine in his system;
 2) Whether the trial court properly admitted two out of court statements made by an AIC representative;
 3) Whether the trial court applied the correct standard of proof required in a violation of probation hearing; and,
 4) Whether the trial court properly exercised its discretion in finding that the best interest of the defendant would not be served by allowing him to continue of probation.
 CONCLUSION
This court thoroughly reviewed each of the proposed issues in conjunction with the relevant portions of the trial transcripts and agrees with the conclusion of counsel that the issues are not legally CT Page 7753 supportable and do not give rise to any valid legitimate appealable issue. This court has not found any other possible grounds for appeal.
At the hearing the defendant took the stand and admitted that he tested positive for cocaine during two urinalysis test conducted by the State on October 25, 2000.
He further admitted failing to attend AIC meetings or attending follow-up drug treatment programs.
The defendant claims that the laboratory reports and statement by the AIC representatives at the hearing are inadmissable hearsay. This belief, however, is misplaced because the laboratory reports and the testimony were supported by corroborating evidence.
After an exhaustive reading of the trial transcripts, the court has not found any appealable issue concerning evidentiary claims or admission of evidence. The evidence was clearly sufficient to support the courts finding that the defendant violated his probation by a fair preponderance of the evidence. There is no evidence that the hearing court abused its discretion in finding no further rehabilitative purpose in continuing the defendant on probation.
The foregoing motion and report having been considered and after a full examination of the transcript of the case, this court concludes that there are no grounds for appealing the finding of violation which would not be wholly frivolous, and this court orders that the motion be granted.
BY THE COURT
 ___________________ Richards, J.