******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* KEZLYN MENDEZ
(AC 41116)

Alvord, Prescott and Pellegrino, Js.

*Syllabus*

Convicted of the crimes of felony murder and robbery in the first degree, the defendant appealed to this court. Thereafter, the defendant's court-appointed appellate counsel filed a motion for leave to withdraw her appearance, pursuant to the relevant rule of practice (§ 62-9 [d]), on the ground that an appeal would be wholly frivolous. After the trial court granted counsel's motion, counsel sent the defendant a letter notifying him of the court's decision and, as required by § 62-9 (d), provided him with instructions on how to proceed with the appeal as a self-represented party, including instructions informing the defendant that he may file a motion for review of the trial court's decision on the motion for leave to withdraw. Instead of filing a motion for review, the defendant filed an appellate brief, claiming that the trial court violated his right to due process by improperly granting counsel's motion. The defendant did not pursue or brief any claim relating to the underlying judgment of conviction. *Held* that the defendant's claim that the trial court improperly granted his court-appointed appellate counsel's motion for leave to withdraw her appearance was not reviewable, the defendant having failed to comply with § 62-9 (d) (3), which required him to file a motion for review of the trial court's decision, and, instead, having raised the issue in his direct appeal, despite clear instructions from counsel that he could file a motion for review of the trial court's decision on appellate counsel's motion for leave to withdraw appearance; moreover, because the defendant did not raise or adequately brief any claim that directly challenged the judgment of conviction from which he took this appeal, this court deemed any possible claims abandoned.

(*One judge concurring separately*)

Argued May 29—officially released October 16, 2018

*Procedural History*

Information charging the defendant with the crimes of murder, felony murder, and robbery in the first degree, brought to the Superior Court in the judicial district of Hartford and tried to the jury before *Mullarkey, J.*; verdict of guilty of the lesser included offense of manslaughter in the first degree with a firearm, and of felony murder and robbery in the first degree; thereafter, the court vacated the verdict of guilty as to the lesser included offense of manslaughter in the first degree with a firearm; judgment of guilty of felony murder and robbery in the first degree, from which the defendant appealed; thereafter, the court, *Prats, J.*, granted the motion for leave to withdraw an appearance filed by the defendant's court-appointed counsel. *Affirmed.*

*Kezlyn Mendez*, self-represented, the appellant (defendant).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Robin D. Krawczyk*, senior assistant state's attorney, for the appellee (state).

*Opinion*

ALVORD, J. In this direct criminal appeal, the self-represented defendant, Kezlyn Mendez, claims that the trial court violated his right to due process by improperly granting his court-appointed appellate counsel's motion for leave to withdraw her appearance in accordance with Practice Book § 62-9 (d). We affirm the judgment of the trial court.

Practice Book § 62-9 (d) (1) directs any appointed appellate counsel who concludes, in accordance with Practice Book § 43-34, that an appeal would be wholly frivolous to file under seal with the appellate clerk a motion for leave to withdraw his or her appearance along with a memorandum of law, commonly referred to as an *Anders*[1] brief, in accordance with Practice Book § 43-35. "Counsel shall deliver a notice that a motion for leave to withdraw as appointed counsel has been filed, but shall not deliver a copy of the motion and supporting . . . memorandum of law to opposing counsel of record." Practice Book § 62-9 (d) (2). The motion, memorandum, and the transcripts of the relevant proceedings are then referred by the appellate clerk to the trial court for a decision. Practice Book § 62-9 (d) (3). If the trial court grants appointed appellate counsel's motion to withdraw, a copy of the court's decision is filed, under seal, with the appellate clerk, and counsel must notify his or her former client in writing of the trial court's decision, the current status of the appeal, and the defendant's responsibilities necessary to prosecute the appeal. Practice Book § 62-9 (d) (3). Section 62-9 (d) (3) further expressly provides that the trial court's decision "may be reviewed pursuant to [Practice Book §] 66-6."

A motion for review pursuant to Practice Book § 66-6 is the proper vehicle by which to obtain review of an order concerning the withdrawal of appointed appellate counsel after an appeal has been filed. See Practice Book § 62-9 (d) (3) ("If the trial court grants the motion to withdraw, counsel shall immediately notify his or her former client, by letter, of the status of the appeal and the responsibilities necessary to prosecute the appeal. . . . The trial court's decision shall be sealed and may be reviewed pursuant to Section 66-6.").

In the present case, the defendant's court-appointed appellate counsel sent the defendant a letter notifying him of the court's decision granting her motion to withdraw and, as required by Practice Book § 62-9 (d) (3), provided him with instructions on how to proceed with the appeal as a self-represented party. Significantly, the instructions explained: "You can try filing a [m]otion for [r]eview of the trial court's decision on the Anders motion. ([Practice Book] § 66-6) Remember that you only have [ten] days to file this from the date of the notice of the order. If you do, remember to ask for an

extension of time to file your brief until [twenty] or [thirty] days after the motion is decided.''

The defendant did not file a motion for review, but did file an appellate brief. Although the defendant could have pursued and briefed any appellate claim he deemed meritorious regarding the underlying judgment of conviction, he raised in his appellate brief only his claim that counsel should not have been permitted to withdraw. He did so, despite the clear instructions informing him that he could file, pursuant to Practice Book § 66-6, a motion for review of the trial court's decision on appellate counsel's motion for permission to withdraw her appearance. Because the defendant did not comply with Practice Book § 62-9 (d) (3) and, instead, raised the issue in his direct appeal, we decline to review his claim. In addition, because the defendant has not raised or adequately briefed any claim that directly challenges the judgment of conviction from which he took this appeal, we deem any possible claims abandoned. See *Joseph* v. *Commissioner of Correction*, 153 Conn. App. 570, 574, 102 A.3d 714 (2014), cert. denied, 315 Conn. 911, 106 A.3d 304 (2015).

The judgment is affirmed.

In this opinion PELLEGRINO, J., concurred.

[1] ''In *Anders* [v. *California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)], the United States Supreme Court outlined a procedure that is constitutionally required when, on direct appeal, appointed counsel concludes that an indigent defendant's case is wholly frivolous and wishes to withdraw from representation. . . . Under *Anders*, before appointed counsel may withdraw, he or she must provide the court and the defendant with a brief outlining anything in the record that may support the appeal, and the defendant must be given time to raise any additional relevant points. . . . Thereafter, the court, having conducted its own independent review of the entire record of the case, may allow counsel to withdraw, if it agrees with counsel's conclusion that the appeal is entirely without merit.'' (Citations omitted.) *State* v. *Francis*, 322 Conn. 247, 250 n.3, 140 A.3d 927 (2016). As our Supreme Court has recognized, ''[t]here can be no question that equal justice requires that the right of appellate review cannot depend on the amount of money which the defendant has. . . . On the other hand, so long as an indigent defendant can prosecute an appeal at public expense and without any possible detriment to himself there is nothing to protect the public purse or save the appellate courts from a flood of baseless appeals by indigent defendants except a proper judicial determination as to whether a proposed appeal at public expense may have some merit or is in fact frivolous.'' (Citation omitted.) *State* v. *Pascucci*, 161 Conn. 382, 387, 288 A.2d 408 (1971).