[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO WITHDRAW AS APPELLATE COUNSEL
I. FACTS
In this case, Pedro Torres, the petitioner, was convicted of the offenses of possession of narcotics with the intent to sell by a non drug-dependent person in violation of General statutes § 21a-278 (b) and conspiracy to distribute narcotics in violation of General statutes § 21a-277a and General statutes § 53a-48 (a) on January 6, 1993, following a jury trial. The petitioner was represented by Attorney Gerald Klein. The conviction was affirmed on appeal. State v. Torres,36 Conn. App. 488, 651 A.2d 1327, cert. denied, 232 Conn. 912, 654 A.2d 357
(1995).
On March 16, 1993, the petitioner filed a habeas corpus petition alleging ineffective assistance of trial counsel. A one-count amended petition was filed on August 15, 1996. The CT Page 13697 habeas petition was dismissed after a hearing upon a finding by the habeas court that the petitioner failed to prove that trial counsel's performance was deficient on June 25, 1997 (Bishop, J.).
Petitioner then filed a request for certification to appeal the dismissal of the habeas petition, which was denied on July 10, 1997 (Bishop, J.).
Petitioner thereafter filed an application for waiver of fees, costs and appointment of counsel on appeal, which was granted by the court on July 14, 1997 (Kaplan, J.). Attorney Michael L. Moscowitz was appointed as a special public defender.
Attorney Moscowitz has concluded that there is no non-frivolous argument in support of the petitioner's claim. Consequently, on September 26, 1997, Attorney Moscowitz, pursuant to Practice Book §§ 952 and 4035, filed a motion to withdraw his appearance accompanied by a supporting memorandum of law. Petitioner was notified that he had thirty days, until October 30, 1997, to respond to the motion. (Certification of Moscowitz.) He has not responded.
II. DISCUSSION
A. Right to Effective Assistance of Trial Counsel
The petitioner's habeas claim asserted ineffective assistance of trial counsel. "This right [to the effective assistance of counsel] is firmly grounded in the mandates of thesixth amendment to the United States constitution, thefourteenth amendment to the United States constitution, and article first, § 8, of the Connecticut constitution . . . The right to counsel . . . is the right to effective assistance and not the right to perfect representation." Johnson v. Commissioner,36 Conn. App. 695, 701, 652 A.2d 1050 (1995). The Connecticut Supreme Court has adopted the two-pronged test articulated inStrickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984) to evaluate ineffective assistance of counsel claims. Copas v. Commissioner of Correction,234 Conn. 139, 154, 662 A.2d 718 (1995). The Strickland v. Washington test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have CT Page 13698 been different. Strickland v. Washington, supra, 466 U.S. 694. "Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted). Fair v. Warden, 211 Conn. 398, 402,559 A.2d 1094, cert. denied 493 U.S. 981, 110 S.Ct. 512,108 L.Ed.2d 514 (1989), quoting Strickland v. Washington, supra,466 U.S. 687.
B. Right to Appointed Counsel for Habeas Appeal
The petitioner has a right to appointed counsel for his habeas appeal. Iovieno v. Commissioner, 242 Conn. 689, 701-02,___ A.2d ___ (1997). The right to appointed counsel is available only where there is a non-frivolous claim. Anders v. California,386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);State v. Pascucci, 161 Conn. 382, 385, 288 A.2d 408 (1971);Fredericks v. Reincke, 152 Conn. 501, 505, 208 A.2d 756 (1965). "[I]f [appointed] counsel finds [the petitioner's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." Anders v. California, supra, 386 U.S. 744; State v.Pascucci, supra, 161 Conn. 385; Practice Book § 952. Such a request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Anders v. California, supra, 386 U.S. 744; State v. Pascucci, supra, 161 Conn. 385; Practice Book § 953. Such a motion to withdraw is directed to the presiding judge who must make a full examination of the record and transcripts of the prior proceedings to determine if the appeal is wholly frivolous.Franko v. Bronson, 19 Conn. App. 686, 688-89, 563 A.2d 1036
(1989); Practice Book §§ 952, 954, 4035 (d). "[I]f [the court] finds any of the legal points arguable on their merits (and therefore not frivolous) [the court] must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Anders v. California, supra, 386 U.S. 744; State v.Pascucci, supra, 161 Conn. 387 Practice Book § 955. If the presiding judge does not find any non-frivolous claims, he may grant counsel's motion to withdraw. Anders v. California, supra,386 U.S. 744; State v. Pascucci, supra, 161 Conn. 387; Practice Book § 954.
C. Abuse of Discretion by the Habeas Court
In deciding whether the appeal is frivolous, the court will CT Page 13699 apply the analysis the Connecticut Supreme Court used in Simms v.Warden, 230 Conn. 608, 612, 646 A.2d 126 (1994), and decide if the habeas court abused its discretion in denying the petitioner's request for certification to appeal the dismissal of a writ of habeas corpus. An abuse of discretion exists when a review of the habeas court's findings indicates "`that the issues are debatable by jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions deserve encouragement to proceed further.'" Id., 616, quoting Lozada v.Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 112 L.Ed.2d 956
(1991).
At the habeas trial, the petitioner attempted to establish that trial counsel failed to provide effective assistance of counsel. Specifically, the petitioner claimed that trial counsel failed to effectively cross-examine the state's witnesses, failed to present a defense of drug dependency, failed to effectively investigate the case prior to trial, and failed to have witnesses sequestered. The habeas court found that trial counsel was vigorous and probing in his cross-examination, that the failure to assert a defense of drug dependency was not an omission, but a purposeful decision, and that the pre-trial investigation was adequate. In addition, the petitioner testified at the habeas hearing that the witnesses had, in fact, been sequestered. As a result, the habeas court concluded the evidence did not meet the test set forth in Strickland v. Washington, supra, 466 U.S. 687, and therefore did not demonstrate ineffective assistance of counsel.
Upon review of the file, the record, and the transcripts of the various proceedings, the undersigned concludes that the findings made by the habeas court are completely supported by the evidence. It is unlikely that the issues could be resolved in a different manner. Finally, it does not appear that there are questions deserving of further appellate review. The court does not find any non-frivolous issues in support of petitioner's claim that the habeas court abused its discretion in denying certification to appeal its decision.
The motion to withdraw the appearance of the special public defender is GRANTED.
BY THE COURT,
Honorable Jonathan J. Kaplan CT Page 13700 Administrative Judge