[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO WITHDRAW AS APPELLATE COUNSEL
I. FACTS
The petitioner Richard E. Salz was convicted of manslaughter in the second degree in violation of General Statutes §53a-56 on June 1, 1990 following a jury trial in Superior Court, Judicial District of New Haven, Gormley, J., presiding. The petitioner was subsequently sentenced to confinement for a period of ten years, suspended after five years, with five years of probation. The petitioner was represented by Attorney James M. S. Ullman, who is now deceased. The petitioner's conviction was CT Page 48 upheld on appeal. State v. Salz, 26 Conn. App. 448,602 A.2d 594 (1992), aff'd 226 Conn. 20, 627 A.2d 862 (1993).
The petitioner filed a petition for a writ of habeas corpus on February 11, 1992 alleging ineffective assistance of counsel. A second amended petition was filed on November 13, 1996 alleging that Attorney Ullman failed adequately to prepare for trial, present certain evidence, witnesses and theories that would have benefited the petitioner, discuss with the petitioner and make a request for a jury instruction on a lesser-included offense and discuss with the petitioner a plea bargain option. The petition was dismissed on January 16, 1997 upon a finding by the habeas court, Bishop, J., after a hearing, that the petitioner failed to prove that his attorney provided him with ineffective assistance of counsel.
Salz's petition for certification to appeal the dismissal of the habeas petition filed on January 28, 1997 was denied by the habeas court, Bishop, J., on February 25, 1997. On February 26, 1997, the court, Kaplan, J., granted the petitioner's request for a waiver of fees, costs and expenses and the appointment of counsel for an appeal of the habeas decision dismissing the petition. Attorney James A. Shanley, Jr. was appointed as a special public defender.
On July 7, 1997, Attorney Shanley filed a motion to withdraw as appellate counsel, pursuant to Practice Book §§ 952 and 4035, claiming that an appeal would be wholly frivolous. Attorney Shanley sent a copy of the motion to withdraw and supporting memorandum and a letter of explanation to the petitioner. (Certification.) On October 7, 1997, the petitioner filed a response listing many of his habeas claims and seeking assistance as he continues to attempt to exonerate himself.
II. DISCUSSION
A. Timeliness of the Petition for Certification
In his brief, Attorney Shanley noted that the petition for certification to appeal was not filed within the ten-day-period required by General Statutes § 52-470 (b). The record shows the petition for certification was filed twelve days after the habeas court dismissed the habeas petition. In light of Iovienov. Commissioner, 242 Conn. 689, 700, 699 A.2d 1003 (1997), in which the Connecticut Supreme Court held that the habeas court CT Page 49 has the discretion to consider an untimely filed petition for certification, and the lack of any indication that Judge Bishop denied the petition due to the untimely filing, this court will not consider the untimely filing as an issue in this motion to withdraw.
B. Right to Effective Assistance of Trial Counsel
The petitioner's habeas claim asserted ineffective assistance of trial counsel. "This right [to the effective assistance of counsel] is firmly grounded in the mandates of thesixth amendment to the United States constitution, thefourteenth amendment to the United States constitution, and article first, § 8, of the Connecticut constitution . . . The right to counsel . . . is the right to effective assistance and not the right to perfect representation." Johnson v. Commissioner,36 Conn. App. 695, 701, 652 A.2d 1050, cert. denied, 233 Conn. 912,659 A.2d 183 (1995). The Connecticut Supreme Court has adopted the two-pronged test articulated in Strickland v. Washington,466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to evaluate ineffective assistance of counsel claims. Copas v.Commissioner of Correction, 234 Conn. 139, 154, 662 A.2d 718
(1995). The Strickland v. Washington test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Strickland v. Washington, supra, 466 U.S. 694. "Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted). Fair v. Warden, 211 Conn. 398, 402,559 A.2d 1094, cert. denied 493 U.S. 981, 110 S.Ct. 512,108 L.Ed.2d 514 (1989), quoting Strickland v. Washington, supra,466 U.S. 687.
C. Right to Appointed Counsel for Habeas Appeal
The petitioner has a right to appointed counsel for his habeas appeal.Iovieno v. Commissioner, supra, 242 Conn. 701-02. The right to appointed counsel is available only where there is a non-frivolous claim. Anders v. California, 386 U.S. 738,744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v.Pascucci, 161 Conn. 382, 385, 288 A.2d 408 (1971); Fredericksv. Reincke, 152 Conn. 501, 505, 208 A.2d 756 (1965). "[I]f CT Page 50 [appointed] counsel finds [the petitioner's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw."Anders v. California, supra, 386 U.S. 744; State v. Pascucci,supra, 161 Conn. 385; Practice Book § 952. Such a request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Anders v.California, supra, 386 U.S. 744; State v. Pascucci, supra,161 Conn. 385; Practice Book § 953. Such a motion to withdraw is directed to the presiding judge who must make a full examination of the record and transcripts of the prior proceedings to determine if the appeal is wholly frivolous. Franko v. Bronson,19 Conn. App. 686, 688-89, 563 A.2d 1036 (1989); Practice Book §§ 952, 954, 4035 (d). "[I]f [the court] finds any of the legal points arguable on their merits (and therefore not frivolous) [the court] must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Andersv. California, supra, 386 U.S. 744; State v. Pascucci, supra,161 Conn. 387; Practice Book § 955. If the presiding judge does not find any non-frivolous claims, he may grant counsel's motion to withdraw. Anders v. California, supra, 386 U.S. 744;State v. Pascucci, supra, 161 Conn. 387; Practice Book § 954.
D. Abuse of Discretion by the Habeas Court
In deciding whether the appeal is frivolous, the court will apply the analysis the Connecticut Supreme Court used in Simmsv. Warden, 230 Conn. 608, 612, 646 A.2d 126 (1994), and decide if the habeas court abused its discretion in denying the petitioner's request for certification to appeal the dismissal of a writ of habeas corpus. An abuse of discretion exists when a review of the habeas court's findings indicates "`that the issues are debatable by jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions deserve encouragement to proceed further.'" Id., 616, quoting Lozada v.Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 112 L.Ed.2d 956
(1991).
After reviewing the file, the record and the transcripts, the undersigned concludes that the findings made by the habeas court are supported by the evidence. It is unlikely that the issues could be resolved in a different manner. It does not appear that there are questions deserving of further review. The court does not find any non-frivolous issues in support of the petitioner's CT Page 51 claim that the habeas court abused its discretion in denying certification to appeal its decision.
Thus, the motion to withdraw the appearance of the special public defender is GRANTED.
BY THE COURT,
Hon. Jonathan J. Kaplan