[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED MEMORANDUM OF DECISION (To Correct Scrivener's Error) RE: MOTION TO WITHDRAW AS APPELLATE COUNSEL
The petitioner, David Scranton, filed an Amended Petition for a writ of habeas corpus on February 3, 1997 alleging ineffective CT Page 4619 assistance of counsel. The Petitioner specifically alleged that his counsel in the underlying criminal proceedings had made incorrect representations to the petitioner to the effect that upon entry of a plea of guilty to the charges pending against him that the petitioner would be sent to Whiting Forensic Institute for service of his sentence and that the petitioner would be eligible for Sentence Review. The petitioner further asserted in his habeas petition that he was not mentally competent at the time he entered his pleas. The petitioner further asserted that he withdrew a prior habeas petition upon the representation of his prior habeas counsel that if he did so withdraw the petition, his case would be sent to Sentence Review.
Hearings were held on the petitioner's habeas petition before the Honorable Dennis Eveleigh on June 21, 1999 and July 21, 1999. On August 13, 1999, Judge Eveleigh issued a written memorandum of Decision finding that the petitioner's claim were not credible and the court dismissed the habeas petition.
On November 4, 1999 the petitioner filed an appeal asserting that the habeas court erred in dismissing the habeas petition. Attorney Vicki Hutchinson was appointed as a special public defender to pursue the appeal.
On December 2, 1999, Attorney Hutchinson filed a Motion to Withdraw as Appellate Counsel, pursuant to Practice Book § 62-9
(formerly P.B. § 4035), claiming that an appeal would be wholly frivolous. Attorney Hutchinson forwarded a copy of the Motion to Withdraw and supporting memorandum and a letter of explanation to the petitioner.
The petitioner's habeas claim asserted ineffective assistance of counsel in the underlying criminal proceedings. "This right [to the effective assistance of counsel] is firmly grounded in the mandates of the sixth amendment to the United States constitution, the fourteenth amendment to the United States constitution, and article first, § 8, of the Connecticut constitution. . . The right to counsel . . . is the right to effective assistance and not the right to perfect representation." Johnson v. Commissioner, 36 Conn. App. 695, 701,652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995).
The Connecticut Supreme Court has adopted the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to evaluate ineffective assistance of counsel claims. Copas v. Commissioner ofCT Page 4620Correction, 234 Conn. 139, 154, 662 A.2d 718 (1995). TheStrickland v. Washington test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Stricklandv. Washington, supra, 466 U.S. 694. "Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted). Fairv. Warden, 211 Conn. 398, 402, 559 A.2d 1094, cert. denied493 U.S. 981, 110 S.Ct. 512, 108 L.Ed.2d 514 (1989), quotingStrickland v. Washington, supra, 466 U.S. 687.
The petitioner has a right to appointed counsel for his habeas appeal. Iovieno v. Commissioner, supra, 242 Conn. 701-02. However, the right to appointed counsel is available only where there is a non-frivolous claim. Anders v. California,386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v.Pascucci, 161 Conn. 382, 385, 288 A.2d 408 (1971); Fredericks v.Reincke, 152 Conn. 501, 505, 208 A.2d 756 (1965).
"[I]f [appointed] counsel finds [the petitioner's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." Anders v. California, supra, 386 U.S. 744; State v.Pascucci, supra, 161 Conn. 385; Practice Book § 43-34. Such a request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal."Anders v. California, supra, 386 U.S. 744; State v. Pascucci, supra, 161 Conn. 385; Practice Book § 43-35.
Such a Motion to Withdraw is directed to the presiding judge who must make a full examination of the record and transcripts of the prior proceedings to determine if the appeal is wholly frivolous, Franko v. Bronson, 19 Conn. App. 686, 688-89,563 A.2d 1036 (1989); Practice Book §§ 43-34, 43-36, 62-9(d). "[I]f [the court] finds any of the legal points arguable on their merits (and therefore not frivolous) [the court] must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Anders v. California, supra, 386 U.S. 744; State v.Pascucci, supra, 161 Conn. 387; Practice Book § 955. If the presiding judge does not find any non-frivolous claims, he may grant counsel's Motion to Withdraw. Anders v. California, supra,386 U.S. 744; State v. Pascucci, supra, 161 Conn. 387; Practice Book § 954. CT Page 4621
In deciding whether an appeal is frivolous, the Court will apply the analysis set forth in Simms v. Warden, 230 Conn. 608,612, 646 A.2d 126 (1994), and decide if the Habeas Court abused its discretion in denying the petitioner's request for certification to appeal the dismissal of a writ of habeas corpus.
An abuse of discretion exists when a review of the Habeas Court's findings indicates "`that the issues are debatable by jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions deserve encouragement to proceed further.'" Id., 616, quoting Lozada v. Deeds,498 U.S. 430, 432, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991).
After reviewing the file, the record and the transcripts, this Court concludes that the findings made by the Habeas Court are supported by the evidence. The Habeas Court found that the testimony of the petitioner at the habeas trial was not credible and that the petitioner had failed to meet his burden of proof in the habeas trial. The habeas court found that the petitioner was not mentally incompetent at the time he entered his pleas in the underlying criminal proceedings, that he fully understood that his pleas would result in the imposition of an agreed-upon sentence of thirty-five years to serve and that there would be no right to argue for a lesser sentence. The habeas court further found as not credible the petitioner's claim that he withdrew his prior habeas petition upon representations made to him by his prior habeas counsel regarding sentence review.
Based upon its review of the file, the record and the transcripts, this Court finds that it is unlikely that the issues presented could be resolved in a different manner. This Court further finds that it does not appear that there are questions deserving of further review. Further, this Court does not find any non-frivolous issues in support of the petitioner's claim that the Habeas Court abused its discretion in dismissing the habeas petition.
Accordingly, the Motion to Withdraw the Appearance of the special public defender, Vicki Hutchinson is granted.
BY THE COURT
CARROLL, J.
CT Page 4622